Dear Mr. Cabra:
Reference is made to your recent request for an Attorney General's opinion regarding the legality of a written road maintenance agreement entered into by the Vernon Parish Police Jury and a private timber company. According to your letter, the Police Jury has agreed to maintain certain private roads belonging to the timber company for the purpose of allowing ingress and egress to the nearest parish road from citizens who live on the timber company roads. In return, the agreement states that "the general public shall have access to these roads", but the agreement also provides that the work done by the Parish would not make the roads public.
Your inquiry must be examined in light of La. Const. Art. VII, Sec. 14(A), which prohibits the loan, pledge, or donation of the funds or assets of the state or any political subdivision "to or for any person, association, or corporation, public or private."
Art. VII, Sec 14 has been interpreted by the Louisiana Supreme Court inCity of Port Allen v. Louisiana Municipal Risk Agency, 439 So.2d 399
(La. 1983), which held that this constitutional provision is violated whenever the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so. In City of PortAllen, supra, the Court stated: "even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions, the United States government or public or private associations or corporations or to individuals merely for a `public purpose'."
We also call your attention to certain previous opinions of this office, which provide guidance in addressing your question.
Attorney General's Opinion No. 76-649 determined that the Bienville Parish Police Jury could not use parish equipment or materials to blacktop driveways located on private property.
Attorney General's Opinion No. 77-1594 concluded that a Police Jury could not perform road work on private driveways and roads if the benefits of said work would inure only to the owner of the properties enhanced thereby and no substantial public purpose was served.
Attorney General's Opinion No. 78-188 addressed the issue of whether the Assumption Parish Police Jury could take into the parish road system and maintain a dirt road that joined a main thoroughfare with a parcel of land containing two or more houses. The opinion noted that Louisiana law requires the making and repairing of roads by police juries to be done only when such work furthers the best interest of the parish and the parish road system. The opinion concluded that if the dirt road simply leads to one or two homes and does not serve the public at large, it would be inappropriate for the parish to expend labor and materials on the maintenance of the road.
Most pertinently, Attorney General's Opinion No. 78-1643 concluded that the Catahoula Parish Police Jury could not expend public labor, materials or funds on the maintenance and repair of a road leading to one or even several residences, but not used by the public at large.
You have advised that the roads in question are private roads owned by a timber company. Furthermore, it appears that the roads in question are used primarily by the timber company and the residents who live along the roads. The benefits resulting from the maintenance and improvement of these roads would inure primarily to the citizens living along the road and the timber company. We note that the agreement between the Police Jury and the timber company provides that the public shall have access to the roads; however, the benefits to the general public, if any, appear to be incidental.
Please be advised that in accordance with La. Const. Art. VII, Sec. 14 and reasoning set forth in the opinions cited herein, it is the opinion of this office that the Police Jury cannot continue to maintain the private roads in question. It is our advice that the Police Jury cease work on the roads in question and terminate its agreement with the timber company as soon as possible.
We trust the foregoing to be of assistance. Should the District Attorney's Office or the Vernon Parish Police Jury need further assistance, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:dra
Date Received: Date Released: February 2, 2001
Jeanne-Marie Zeringue Barham Assistant Attorney General